The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Lawrence B. Shuping, Jr., and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representative, or amend the Opinion and Award, except for minor modifications.
Following the filing of the Interlocutory Opinion and Award which held that plaintiff's injuries were compensable, defendants took the deposition of a lay witness, Carlton Daniels, on the original compensability issue. Plaintiff did not object to the taking of this deposition which appears to have been considered by the Deputy Commissioner in entering his final decision. The Full Commission received the Daniels' deposition into evidence and considered it in its deliberations in this matter.
* * * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. At the time in question the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The employment relationship existed between plaintiff-employee and defendant-employer.
3. Crum Forster was the compensation carrier on the risk.
4. Plaintiff's medical records were stipulated into evidence.
* * * * * * * * * * * * *
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is an unemployed, 27 year-old functionally illiterate black male who only completed the seventh grade. His only other work experience is the 12 years that he intermittently worked as a helper for a brick mason lifting and hauling block and the three and a half years he worked in the livehaul department at Perdue as a chicken catcher requiring bending, standing and walking.
2. As indicated by the stipulated Form 19 Employer's Report of Injury, when injured on April 15, 1991 plaintiff had been employed by defendant Tarheel Casket Company for 11 months as a checker responsible for loading and unloading trucks among other duties.
3. As a part of his duly assigned ordinary employment duties, on April 15, 1991 plaintiff was involved in loading 150 pound caskets on one of the premises tractor trailers with the assistance of two co-employees. In the process of lifting one of the caskets, plaintiff experienced an acute onset of back pain and thereby a specific traumatic incident resulting in the disabling, and otherwise compensable, back injury giving rise hereto when the two employees on the other end of the casket began lifing before plaintiff was ready and all its weight shifted to him.
4. Despite his injury plaintiff was able to complete the workday; however, because of his continuing symptoms he was unable to return to work the following day. He sought medical treatment from his family physician, Dr. Deloatch, and gave him a history of having developed back pain loading caskets. Dr. Deloatch took him out of work and over the next year and a half provided a course of treatment for his incapaciting pain and muscle spasm, consisting of various medications, restricted activity and physical therapy.
5. Plaintiff orally notified his immediate supervisor, Glenda Lawrence, of the involved back injury on the following day. By so doing, plaintiff has offered a reasonable excuse for failure to provide defendant-employer with formal written notice of his injury within 30 days thereafter. In view of the fact that plaintiff was able to complete the workday and sought prompt, competent and continuing medical treatment the following day, defendant-employer was not, by the manner of notice of injury received, prejudiced in its ability to provide plaintiff with prompt, competent and continuing medical treatment or to timely investigate the circumstances of his back injury within a reasonable time following its occurrence.
6. As a result of the compensable injury by accident, plaintiff has developed myofascial pain syndrome manifested by incapacitating pain and muscle spasm not only in his neck but also in his shoulders and upper and lower back, and into his extremities.
Myofascial pain syndrome is a disorder that affects the muscles and connective tissue and tends to involve the axial, or core, muscles of the body such as the neck, shoulders, upper and lower back and buttocks and less so the muscles of the upper arms and legs. The condition tends to be chronic and treatment is largely supportive consisting of non-steroidal and anti-depressant medication as well as physical therapy. Although physiologic in its incipience, there is a psychologic component to the disease because of the tendency of individuals suffering from chronic pain to become depressed and focus on their pain, resulting in a reduced energy level and pain related behaviors in which pain begins to dictate their lives.
7. In September of 1992 when there had been no significant improvement in his incapacitating pain, Dr. Deloatch referred plaintiff to the Virginia neurologist, Dr. Robert B. Hansen of the Southeastern Neurology Group, who initially diagnosed his myofascial pain syndrome and has since continued to provide a conservative course of treatment, including various medications and physical therapy as well as admitting plaintiff to the Pain Management Program at Mayview Medical Center. Despite all the treatment he has received, plaintiff remains totally incapacitated by his myofascial pain syndrome not only resulting in his being unable to return to his regular checker's job for defendant-employer, but any other employment at this time.
8. Based on the stipulated Form 22 Statement of Days Worked and Earnings of Injured Employee dated December 17, 1991 and prepared by defendant-employer, plaintiff earned an average weekly wage of $132.50 at the time of his injury, which yields a compensation rate of $88.34.
* * * * * * * * * * * * * *
Based upon the findings of fact, the Full Commission concludes as follows:
CONCLUSIONS OF LAW
1. On April 15, 1991 plaintiff sustained an injury by accident arising out of and in the course of his employment resulting in the disabling back injury for which compensation is claimed. N.C. Gen. Stat. § 97-2(6).
2. For the reasons stated in the above Findings of Fact, plaintiff has complied with the notice provisions of N.C. Gen. Stat. § 97-22.
3. As a result of the myofascial pain syndrome that he developed from his April 15, 1991 back injury, plaintiff has remained totally disabled since April 16, 1991 entitling him to compensation at a rate of $88.34 per week from April 16, 1991 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled, subject to a change of medical or employment condition.
* * * * * * * * * * * * * *
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Defendants shall pay plaintiff, on account of his continuing total disability, compensation at a rate of $88.34 per week from April 16, 1991 to the scheduled hearing date and thereafter continuing at the same rate so long as he remains totally disabled, subject to a change of medical or employment condition. Such compensation as has accrued hereunder shall be paid in lump sum, without commutation, subject to a reasonable attorney fee hereinafter approved.
2. At this time a reasonable attorney fee in the amount of twenty-five (25) percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of his fee defendants shall forward every fourth compensation check payable hereunder directly to plaintiff's counsel.
3. To the extent the same are reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated therewith, defendants shall pay all reasonable and necessary medical expenses incurred by plaintiff as a result of the April 15, 1991 back injury giving rise hereto when bills for the same are submitted on proper forms, through defendant-carrier, to the Industrial Commission for approval and are approved by the Commission.
4. Defendants shall bear the costs, including as part thereof, the $250.00 expert witness fees previously awarded Drs. Spanos and Hansen for their deposition testimony to the extent the same have not already been paid.
 S/ __________________ LAURA K. MAVRETIC COMMISSIONER
CONCURRING:
S/ __________________ J. HOWARD BUNN, JR. CHAIRMAN
S/ __________________ J. RANDOLPH WARD COMMISSIONER
LKM/bjp